UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CARRIE MURILLO, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 15-119-DCR |
| V. | ) | |
| MCKESSON CORPORATION, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Eli Lilly and Company's ("Eli Lilly") motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure. [Record No. 71] Eli Lilly argues that the plaintiffs' Complaint against it was never properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. [*Id.*] However, after balancing the equitable concerns, the Court will not dismiss the Complaint pursuant to Rule 12(b)(5).

The plaintiffs initially filed this action on November 14, 2012, in the Superior Court of Ventura County, California. [Record No. 1] Since its initial filing, this case has been removed to the United States District Court for the Central District of California, remanded back to California Superior Court, appealed to the United States Court of Appeals for the Ninth Circuit, and transferred to this Court. [Record Nos. 1, 36, 61] The plaintiffs allege that, during that time, they attempted service on Eli Lilly by mail at "818 W. 7th Street, Suite

-1-

930, Los Angeles, CA 90017." [Record No. 101-5] On June 22, 2015, Eli Lilly filed the current motion to dismiss under Rule 12(b)(5) for deficiencies in service. [Record No. 71]

A Rule 12(b)(5) motion challenges the method of serving the summons and complaint. *Nafziger v. McDermott Inter'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). The question presented by the defendant's motion is whether the manner of service was sufficient under Rule 12(b)(5). To answer this question, the Court turns to Rule 4 of the Federal Rules of Civil Procedure, which sets out the proper method and timing of service.

As amended, Rule 4(m) provides that if service "is not made on a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice to that defendant or direct that service be effected within a specific time." FED. R. CIV. P. 4(m) (2007). The rule further states that, "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.* In dicta, the Supreme Court has interpreted the amended rule to "permit[] a district court to enlarge the time for service 'even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. P. 4, Advisory Committee Notes); *see also Burnett v. Martin*, 2007 U.S. Dist. LEXIS 53939 (E.D. Ky. July 24, 2007). Thus, it is within this Court's discretion to extend the deadline for service of process.

The undersigned has considered multiple factors in evaluating the defendant's motion. *See Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000). First, it was the responsibility of the plaintiffs to serve process in a timely fashion. This lends some weight to dismissal. However, the Court is more persuaded by the Sixth Circuit's overall policy "of resolving disputes on their merits." *Id*. Further, Eli Lilly has had

notice of the lawsuit and the related cases since at least March 12, 2013. [Record No. 101-4] These factors weigh in favor of extending the plaintiff's deadline to perfect service.

While the Court will not dismiss the claims against Eli Lilly and Company at this time, counsel for the plaintiffs is advised that, absent a showing that the defendants have taken action to evade service, it will not grant any further extensions of time to complete service. Accordingly, it is hereby

**ORDERED** that Defendant Eli Lilly and Company's motion to dismiss [Record No. 71] is **DENIED**, without prejudice. The plaintiffs have until **Thursday, September 3, 2015,** to effect proper service upon the defendants.

This 31st day of July, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge